UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SUSAN BRENNAN,
        Plaintiff,

V

WEST OTTAWA PUBLIC SCHOOLS,
        Defendant.
_____/

Richard A. Meier (P38204)
Attorney for the Plaintiff
30300 Northwestern Highway, Ste. 320
Farmington Hills, Michigan 48334
248-932-3500
_____/

**COMPLAINT**
**AND**
**JURY DEMAND**

### JURISDICTION

1. Jurisdiction of this matter in this court is proper under 28 USC 1331 in that a federal question is involved.

2. Plaintiff has filed a charge with the EEOC and received a right to sue letter.

### COUNT 1 – VIOLATION OF TITLE VII

3. Plaintiff repeats and realleges paragraph 2 as if fully set forth herein verbatim.

4. Plaintiff is a female a protected class under Title VII.

5. Plaintiff was employed with the West Ottawa Public Schools since August 25, 2000.

1

6. For the first eight years of plaintiff's employment she received adequate teaching evaluations and ultimately received tenure.

7. In December 2006 girlfriend of plaintiff's ex-husband called the school to which she worked and indicated the plaintiff had been an exotic dancer before becoming a teacher. This call was made in an attempt to gain custody of minor children.

8. Defendant learned of the comments and placed plaintiff on a leave of absence.

9. Defendant tried to terminate plaintiff during the leave but became aware plaintiff could not be terminated for her past employment. Defendant sent plaintiff certified letters attempting to coerce the plaintiff into resigning.

10. In September 2007 the plaintiff was returned by defendant from her leave and asked to sign a waiver saying plaintiff would not sue the school district.

11. In January 2008 plaintiff's student went on Facebook accusing the plaintiff of being a meth addict. The plaintiff complained about these posts and was told not to take any further action against the students by defendant or she would face more trouble.

12. Shortly thereafter defendant asked the plaintiff for copies of old tests plaintiff administered in the classroom. When plaintiff could not produce these old tests she was given a three day unpaid suspension for gross insubordination.

13. On December 17, 2009 and March 16, 2010 the defendant completed formal class room observations and issued an unsatisfactory evaluation of plaintiff. Defendant terminated the plaintiff for "engaging in unprofessional and inappropriate conduct in violation of District policies".

14. Defendant specifically cited as reasons for plaintiff's termination issues including the failure to meet administrative requests, failing to teach in a timely fashion, failing to

use acceptable grading practices, excessive absenteeism, failure to leave lesson plans for substitute teachers, conversing on the phone, and failing to turn in lesson plans. Comparables had not been terminated.

15. Defendant employs both male and female teachers.

16. Defendant has violated Title VII by treating the plaintiff a female differently than male employees.

18. Defendant has further violated Title VII by terminating the plaintiff, a female for specific acts that comparable male teachers within the West Ottawa Public Schools had not been terminated. (ie. talking on the phone).

19. As a direct and proximate result of said discrimination plaintiff has suffered damages, including but not limited to lost wages, lost benefits and emotional damages. WHEREFORE, Plaintiff prays for a judgment in her favor and against defendant in an amount established by the proofs, together with interest, costs and attorney fees.

## COUNT 2 – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein verbatim.

21. Plaintiff suffers from a disability ADAH.

22. ADAH limits one or more of plaintiff's daily activities in that plaintiff suffers from cognitive functions applications, including organization.

3

23. To assist her in her day to day teaching functions plaintiff used a computer program to help organize her work. This accommodation was originally approved by the defendant school district.

24. With the accommodation plaintiff could function as a satisfactory teacher.

25. In the year 2008-2009 plaintiff was informed that she could no longer use the computer program.

26. As a direct and proximate result of the denial of the use of the computer program plaintiff was terminated by defendant for many organizational deficiencies in violation of the Americans with Disabilities Act.

WHEREFORE, Plaintiff prays for a judgment in her favor and against defendant in an amount established by the proofs, together with interest, costs and attorney fees.

## COUNT 3 – RETALIATION FOR OPPOSING DISCRIMINATION

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein verbatim.

28. Plaintiff opposed the gender discrimination she was subjected to when she was punished for being an exotic dancer.

29. Plaintiff filed a proceeding with her union and the ultimate resolution was that the West Ottawa School District signed an agreement indicating that they could not fire the plaintiff for being an exotic dancer. The agreement specifically stated that defendant could not use the exotic dancer situation against the plaintiff.

30. Defendant West Ottawa School District retaliated against the plaintiff after signing the agreement.

31. Defendant denied the plaintiff the accommodation of the computer program she had been using for years.

32. Defendant tried to place the plaintiff on an IDP despite the fact that she had never received an unsatisfactory evaluation.

33. Defendant called child protective services on the plaintiff concerning her children.

34. On October 19, 2010 defendant required the plaintiff to obtain a professional evaluation to certify that she was not a danger to herself or others.

35. Defendants acts were in retaliation of the plaintiff asserting protected conduct.

36. As a direct and proximate result of said retaliation plaintiff has suffered damages, including lost wages, lost benefits and emotional damages.

WHEREFORE, Plaintiff prays for a judgment in her favor and against defendant in an amount established by the proofs, together with interest, costs and attorney fees.

Respectfully submitted,

/S/ Richard A. Meier

Richard A. Meier

## JURY DEMAND

NOW COMES the plaintiff and demands trial by jury.

Respectfully submitted,

/s/ Richard A. Meier

Richard A. Meier